## No. 13,876.

COLORADO UTILITIES CORPORATION *v.* PIZOR ET AL.
(62 P. [2d] 570)

Decided November 2, 1936. Rehearing denied November 23, 1936.

Mr. ADDISON M. GOODING, for plaintiff in error.

Messrs. CARPENTER & VIDEON, for defendants in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFF in error was defendant in the trial court and the parties will be herein designated as they there appeared, as plaintiffs and defendant.

While the settlement of the pleadings was pending, defendant's motion for judgment on the pleadings was submitted, and plaintiffs requested the court to dismiss their complaint without prejudice to their right to file another action. This request was granted and the complaint dismissed over the objection of defendant which contends that the ruling was in part adverse to it, in that it was entitled to have the complaint dismissed with prejudice. It prosecutes this writ of error.

Plaintiffs' original complaint alleged that they were the father and mother of a deceased infant; that the defendant is a Colorado corporation engaged in generating and transmitting light and power in Routt county and elsewhere in the state of Colorado; that its high tension

transmission line crosses the dump ground of Steamboat Springs, Colorado, about four miles west thereof; that its pole on the east of the dump ground is 18 to 20 feet high and the top of the pole to the west, approximately 350 feet distant, is lower than the bottom of its pole on the east; that the bank of the dump ground is beneath defendant's high tension transmission line and that the wires suspended between the two poles vary in height as they cross the dump ground from 18 to 20 feet at the east pole, to 10 to 15 feet at the point where they cross the bank of the dump ground to the west; that the dump ground is adjacent to U. S. Highway No. 40, and is a place attractive to and frequented by children, which fact is known to defendant; that on August 17, 1934, plaintiffs' son, and Wolcott Smith, another boy, were playing on the dump ground and rotating a wire, each boy holding one end, and without knowledge or warning of the high tension transmission line or the danger thereof, that Smith released his end of the wire which contacted defendant's high tension wire carrying about 13,400 volts, and the electricity was transmitted from the power line through the wire, the other end of which was held by plaintiffs' son resulting in his immediate electrocution. Plaintiffs allege that defendant was careless and negligent in maintaining its poles at an unsafe height; in maintaining its high tension transmission wires at an insufficient and unsafe height; in maintaining its high tension transmission line across the dump ground between the poles 350 feet apart, resulting in the lines being in dangerous and close proximity to the dump ground; in maintaining the transmission line across said dump ground without insulation of same and without any warning whatsoever of the kind or nature of the poles and wires or the danger thereof. To this complaint, defendant filed its demurrer on the grounds that it fails to state sufficient facts to constitute a cause of action; that it does not plead the age of the minor; that it does not plead whether the child was of average intelligence for

his age; that it does not state whether deceased knew or was capable of knowing the danger of electric wiring; that it does not set forth the height of the transmission line above the surface of the dump ground at the point where the deceased was electrocuted; that it does not set forth the length of the wire which was in the child's hand; that it does not plead any duty on the part of defendant which was breached or not performed by it; that it does not plead any standard of construction or safety showing that the poles were of an unsafe height or in dangerous or close proximity to the ground; that it does not plead any standard of construction or safety or other criterion indicating that the transmission lines should have been insulated at the point in question; that it does not show whether the child was a trespasser at the point where he met his death or whether he was there as a matter of right; it does not show that he was a licensee; and does not show the nature of any right deceased had to be at the place where he was electrocuted. This demurrer was sustained and plaintiffs filed an amended complaint.

The amended complaint makes no reference to the original complaint, and other than the allegations that plaintiffs are the father and mother of deceased and that defendant is a Colorado corporation engaged in generating and transmitting light and power in Routt county, Colorado, it contains only the following paragraph:

"That defendant's high tension transmission line carrying approximately 13,400 volts, crosses the dump ground of the town of Steamboat Springs, a public dump ground, about four miles west thereof. That defendant carelessly, wrongfully and negligently constructed, operated and maintained its high tension line over and across said public dump ground so low that a wire held in the hand of James M. Pizor, a minor of the age of 14 years, came in contact with it, causing his immediate death by electrocution, to the damage and injury of the plaintiffs in the sum of Five Thousand Dollars ($5000.00)."

298

Defendant objected to the filing of the tendered amended complaint for insufficiency of facts; that the amended complaint does not overcome the insufficiencies of the original as to the grounds upon which the demurrer was sustained; because the original complaint affirmatively shows that plaintiffs have no cause of action; that the amended complaint is ambiguous, unintelligible and uncertain and that plaintiffs could not overcome the effect of definite admissions in their original complaint by failure to set up such admissions in the amended pleading.

The court heard these objections to the filing of the amended complaint and treated same as a motion to strike which it sustained, and gave plaintiffs 30 days to elect as to further proceedings. Defendant filed a motion for judgment of dismissal and for judgment in its favor on the pleadings for the reason that it affirmatively appears from the record that plaintiffs had not set forth a cause of action against the defendant for negligence in the original or the amended complaint and that on the record no judgment could be entered except in favor of the defendant and against the plaintiffs on the merits. Plaintiffs then filed their motion to dismiss without prejudice.

It appears from the record that the court had the last two motions before it for consideration, and its ruling was that defendant's motion for dismissal and judgment on the pleadings be overruled and plaintiffs' motion for dismissal without prejudice be sustained. The record also shows that defendant's objections to the filing of the amended complaint—treated as a motion to strike —were sustained and, as is to be gathered from the rulings of the court, the amended complaint was stricken July 31, 1935, and plaintiffs allowed 30 days in which to elect as to further proceedings in the cause. During the time allowed for plaintiffs' election and August 22, 1935, defendant's motion for dismissal and judgment on the pleadings was filed, and on the same date plaintiffs' motion to dismiss without prejudice also was filed. It would thus appear that, in its discretion, the trial court had not

entered a final, or appealable order, but had given plaintiffs further opportunity to plead within a certain time. Presumptions in favor of the correctness and regularity of the court's rulings must follow under such circumstances, and it is proper to indulge the presumption that the trial court was not convinced that plaintiffs had, by affirmative allegations, shown that there was no cause of action against the defendant. Had the court been so convinced, its judgment undoubtedly would then have been entered in favor of the defendant, instead of the order extending to plaintiffs the opportunity to further plead. As to the choice, which plaintiffs had a right to make, whether they would plead further or dismiss their complaint theretofore filed, they elected to dismiss. This right is given a plaintiff by section 184 of the Code of Civil Procedure when no counterclaim has been made, said section being in part as follows:

"An action may be dismissed or a judgment of nonsuit entered, in the following cases:

"First—By the plaintiff himself, at any time before trial, upon the payment of costs, if a counterclaim has not been made. * * *."

No counterclaim had been made in this case, and the plaintiffs' right to dismiss at any time before trial, was absolute. As to that right the trial court had no discretion. Its order of dismissal, on plaintiffs' election, ended the proceedings at a time when there was nothing before the court upon which a judgment on the pleadings could be based. Plaintiffs still had time in which to present a sufficient complaint, and they could not be deprived of that right by an order of dismissal "with prejudice," as was and is contended by defendant. The structure of the pleadings was not such that defendant could be entitled to judgment thereon, and it follows that the order of dismissal "without prejudice," did not destroy any right of defendant. The judgment as entered was entirely within the discretion of the trial court, which was exercised free of abuse, and it will not be disturbed.

Judgment affirmed.

Mr. Justice Burke, sitting for Mr. Chief Justice Campbell and Mr. Justice Young concur.